# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION DIVISION
# 2:10 CR 14-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| PATRICK JESSE DALTON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on August 16, 2010 by the United States Probation Office. In the violation report, the United States Probation Office alleges that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the defendant was present with his counsel, Frank Lay, and the Government was present through Assistant United States Attorney, Don Gast, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on August 16, 2010. The Government introduced, without objection, the violation report into evidence.

The defendant was charged in a bill of indictment filed on August 3, 2010 with one count of conspiracy to possess with intent to distribute a controlled substance, that being marijuana. A hearing was held in regard to the detention of the defendant on August 13, 2010. On that date, the undersigned entered an order releasing the defendant on a $25,000 unsecured bond. The terms of release provided that the defendant was not to be released until August 16, 2010 when he was to taken from the detention facility into the custody of a custodian to be taken to attend the CHAMP program at the McLeod Residential Re-Entry in Charlotte, NC. The undersigned further sets conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

In the violation report it is alleged the defendant violated the conditions of bond in that in the weekend leading up to his release on August 16, 2010, the defendant conspired with his girlfriend Crystal Kenner to obtain a quantity of Xanax prior to his attending the drug treatment program described above. The defendant did not have a prescription for Xanax. The facts reveal that on Sunday evening, August 15, 2010,

Agent Billy Stites of the Bureau of Indian Affairs and also a DEA task force officer, listened to calls that had been made between the defendant and his girlfriend from the Cherokee County detention facility where the defendant was awaiting release to attend the treatment program. The defendant and his girlfriend attempted to have the defendant's third-party custodian, who is the defendant's mother, pick up the defendant on August 16, 2010 and then meet Ms. Keener somewhere in route to pick up a pair of shoes for the defendant. It was the defendant and Ms. Keener's intent that Ms. Keener would hide a controlled substance in the shoes for the defendants use. The defendant's mother refused to make this stop. The defendant and Ms. Keener then persuaded the defendant's mother to pick up the shoes from Ms. Keener prior to picking up the defendant from the Cherokee County detention center. When the defendant's mother arrived at the detention center during the early morning hours of August 16, 2010 she was asked to be allowed to search the defendant's shoes by Cherokee County sheriff's deputies. At that time, the officers found Xanax in the shoes of the defendant. The defendant's mother was unaware of any illegal activity.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

    (1)    finds that there is----
           (A) probable cause to believe that the person has committed a

3

Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any other condition of release; and
(2)    finds that ---
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe the defendant committed a state felony while subject to terms and conditions of pretrial release. The defendant participated in a conspiracy such that a controlled substance would be brought into the detention facility for the defendant's use. This is a felony under state law. Due to the fact there is probable cause to believe the defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated the condition of release which required the defendant would refrain from use or unlawful possession of a narcotic drug unless prescribed by a licensed

medical practitioner.  The defendant did not have a prescription for Xanax.  The defendant has clearly violated the conditions of release.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth in 18 USC § 3142(g), it appears there is no condition or combination of conditions that would assure that the defendant will not pose a danger to the safety of any other person or the community. It is further the opinion of the undersigned that based upon the defendant's actions, it is unlikely the defendant will abide by any condition or combination of conditions of release.  As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED**  the defendant be detained pending further proceedings in this matter.

Signed: August 20, 2010

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge